17942, 17943.   PITNER *v.* SOUTHERN RAILWAY Co. (two cases).

STEPHENS, J.   1. Upon the trial of a suit of a husband and wife against a railroad company, to recover damages for alleged injuries to the wife from the slipping of her foot upon the steps of a coach of the defendant's train while she as a passenger was boarding it, where there was evidence to authorize the inference that the step of the coach was wet, and that this condition was unknown to her, although she boarded the train in the daytime, the evidence was sufficient to authorize an inference that by the exercise of ordinary care she could have observed the wet condition of the steps, and by the exercise of ordinary care could have avoided the slipping of her foot; and the evidence further authorizes the inference that by the exercise of ordinary care she could have avoided the injuries; and a charge of the court that if by the exercise of ordinary care she could have avoided the consequences to herself of the defendant's negligence, neither she nor the husband could recover, and a further charge that if it should appear from the evidence that she was injured as a result of her own negligence or by a failure on her part to exercise ordinary care for her own safety, neither she nor the husband could recover, were each adjusted to the issues in the case made by both the pleadings and the evidence.

2. A charge that if the plaintiff wife, by the exercise of ordinary care

Appeal and Error, 4 C. J. p. 1069, n. 23.

Carriers, 10 C. J. p. 1094, n. 21; p. 1161, n. 2; p. 1165, n. 21; p. 1167, n. 25.

Trial, 38 Cyc. p. 1598, n. 26; p. 1696, n. 65.

could have avoided the consequences to herself of the defendant's negligence, the plaintiffs can not recover, states a correct proposition of law, and is not error because not qualified by an instruction that the duty resting upon a plaintiff to exercise ordinary care to avoid the consequences of a defendant's negligence does not arise until such negligence is apparent to the plaintiff or by the exercise of ordinary care by the plaintiff could have become known. A failure on the part of the trial judge to give in charge this last proposition of law, in the absence of a special request therefor, is not error.

3. In the trial of such a suit against a railroad company an instruction by the court to the jury that it is incumbent upon the plaintiffs, before they can recover, to show by a preponderance of the evidence that the wife was injured in the operation of the train of the defendant, and that should this be made to appear, the burden would then rest upon the defendant to show that it and its employees exercised extraordinary care and diligence in the particulars wherein negligence is alleged in the petition, and that if the defendant failed to carry that burden, the plaintiffs would be entitled to recover, is not subject to the objection that it places upon the plaintiffs the burden of proving the defendant's negligence by a preponderance of the evidence.

4. The charge of the court clearly instructed the jury that upon proof of injury to the plaintiff wife in the operation of the defendant's train, the burden would rest upon the defendant to show that it exercised due care and diligence as respects the matters alleged as negligence in the plaintiffs' petitions; and the charge is nowhere subject to the objection that it instructed the jury that after proof of injury to the plaintiff wife by the operation of the defendant's train, the burden would rest upon the plaintiffs to prove that the defendant was negligent.

5. The charge of the court, fairly to the plaintiffs, submitted all issues raised by the pleadings and the evidence, and is not subject to the objection that it expressed an opinion that the alleged injury to the plaintiff wife was caused by her own negligence.

6. The grounds of the motion for a new trial relative to newly discovered evidence are not argued or insisted upon by counsel for the plaintiffs, and therefore are treated as abandoned.

7. The verdicts found for the defendant in both cases were authorized by the evidence, and no error of law appears.

*Judgments in both cases affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 18, 1928.

Action for damages; from Whitfield superior court—Judge Tarver. January 1, 1927.

*William E. & Gordon Mann,* for plaintiffs.
*Maddox, Maddox & Mitchell,* for defendant.